# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>STC, INC.,<br><br>Defendant. | Civ. No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |



## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Global Traffic Technologies, LLC ("GTT"), for its Complaint against Defendant STC, Inc. ("STC") alleges as follows:

## **INTRODUCTION**

1. STC has infringed U.S. Patent No. 5,539,398 (the "'398 patent") by making, using, selling, and/or offering to sell traffic control management systems called the Emtrac Priority Control System ("Emtrac System") and by inducing others to infringe or contributing to the infringement of others. STC is the primary manufacturer of the Emtrac System. KM Enterprises, Inc. and/or Emtrac Systems, Inc. and STC sell the Emtrac System manufactured by STC.

2. GTT has filed a separate patent infringement lawsuit against Emtrac Systems, Inc. and KM Enterprises, Inc. (collectively, "Emtrac") in the United States District Court for the District of Minnesota, Civ. No. 10-4110, ADM/JJG ("Emtrac Lawsuit"), alleging, inter alia, that the sale of the Emtrac System infringes the '398 patent. In the Emtrac Lawsuit, Emtrac recently identified STC as the primary and current manufacturer of the Emtrac System, including all components. In addition, Emtrac has identified Brad Cross, Owner and President of STC, Inc., as being involved in or having information about the "design, development, structure, operation, features, manufacture, testing, maintenance, and benefits of the accused elements of the Emtrac System; the prior art to and invalidity of the patent-in-suit; the conception and reduction to practice of U.S. Patent No. 4,914,434; GTT's tortious interference with prospective business relations, false advertising, unfair competition and deceptive trade practices; KME's

damages; and other related topics." Emtrac has also declined to produce source code for the Emtrac System in the Emtrac Lawsuit because, it asserts, the source code is owned by STC. STC, through counsel, has stated that "STC, Inc. and Brad Cross are the authors and owners of the source code and software used to operate the present generations of the EMTRAC systems now in use." The Emtrac Lawsuit and this lawsuit are directly related and should be consolidated before the same Court because they involve the same patent, the same accused product, and coordinated commercial activities of the defendants in the two cases.

## PARTIES

3.  Plaintiff GTT is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 7800 Third Street North, St. Paul, MN 55128. GTT is a world leader in intelligent transportation systems technology, and provides solutions to improve traffic management and safety using proven technologies and innovation.

4.  On information and belief, Defendant STC is a corporation organized under the laws of the state of Illinois, with its principal place of business at 1201 W. Randolph St., McLeansboro, IL 62859.

## JURISDICTION AND VENUE

5.  The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over STC under the due process clause of the U.S. Constitution and Minn. Stat. § 543.19. STC has used, marketed, offered to sell, sold, installed, and/or operated the infringing Emtrac System in Minnesota. STC has intentionally established a relationship with Emtrac, and together they intentionally target specific markets, such as cities in particular states, known to have specific projects relating to GPS based traffic preemption, often specifically responding to requests for proposals to serve the market with their product. One such market that STC and Emtrac specifically targeted was Minnesota. STC manufactured the infringing Emtrac System for Minneapolis, Minnesota, and the Emtrac System has been sold to and is currently being used in Minneapolis, Minnesota.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PATENT-IN-SUIT

9. On July 23, 1996, U.S. Patent No. 5,539,398 ("the '398 patent"), entitled "GPS-Based Traffic Control Preemption System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '398 patent is attached hereto.

10. GTT is the owner by assignment of all right, title, and interest in the '398 patent.

## COMPLIANCE WITH 35 U.S.C. § 287(a)

11. GTT has complied with the requirements of § 287(a).

## **CLAIM FOR RELIEF FOR PATENT INFRINGEMENT AGAINST STC**

12. GTT realleges and incorporates by reference paragraphs 1 through 11 as if fully stated herein.

13. STC is infringing the '398 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling traffic control management systems, including the Emtrac System, within this district and elsewhere in the United States, and/or importing traffic control management systems, including the Emtrac System, into the United States.

14. STC is infringing the '398 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling traffic control management systems, including the Emtrac System, within this district and elsewhere in the United States, and/or importing traffic control management systems, including the Emtrac System, into the United States.

15. STC has knowledge of the '398 patent and is engaged in willful infringement of the '398 patent.

16. On information and belief, STC will continue to directly infringe, actively induce others to infringe, and/or contribute to the infringement of the '398 patent unless and until those infringing activities are enjoined by this Court.

17. GTT will continue to be damaged and irreparably harmed unless and until STC's infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GTT respectfully requests that this Court:

A.  Enter judgment that STC has infringed the '398 patent in violation of 35 U.S.C. § 271;

B.  Enter orders preliminarily and permanently enjoining STC and any other respective officers, agents, servants, employees, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the '398 patent in violation of 35 U.S.C. § 271;

C.  Award GTT damages in amounts sufficient to compensate it for the infringement of the '398 patent by STC together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.  Declare this case to be "exceptional" under 35 U.S.C. § 285 and award GTT its attorneys' fees, expenses, and costs incurred in this action; and

E.  Award GTT such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff GTT respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

| | |
|---|---|
| Dated: December 22, 2011 | **FAEGRE & BENSON LLP** |
| | |
| | *s/ James W. Poradek* |
| | James W. Poradek (No. 290488) |
| | jporadek@faegre.com |
| | Chad Drown (No. 319053) |
| | cdrown@faegre.com |
| | Timothy E. Grimsrud (No. 34283X) |
| | tgrimsrud@faegre.com |
| | Tim M. Sullivan (No. 0391528) |
| | tsullivan@faegre.com |
| | |
| | 2200 Wells Fargo Center |
| | 90 South Seventh Street |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612) 766-7000 |
| | Fax: (612) 766-1600 |
| | |
| | ***Attorneys for Plaintiff*** |
| | ***Global Traffic Technologies, LLC*** |

fb.us.7846824.03